# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AMIT RAIZADA,  )
        **Plaintiff,**  )
          )   CIVIL ACTION
v.  )
          )   No. 12-2546-KHV
AUTO GALLERY MOTORCARS –  )
BEVERLY HILLS, LLC and  )
MCLAREN AUTOMOTIVE, INC.,  )
        **Defendants.**  )

## MEMORANDUM AND ORDER

In January of 2012, Amit Raizada bought a McLaren sports car for $269,255 cash from a dealer in Beverly Hills, California. Because the dealer misrepresented various attributes and accessories of the vehicle, Raizada sued Auto Gallery Motorcars – Beverly Hills, LLC ("Auto Gallery Motorcars") and McLaren Automotive, Inc. in the District Court of Johnson County, Kansas. Plaintiff alleged fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), violation of the Kansas Consumer Protection Act, K.S.A. § 50-623 et seq. (Count III), violation of the California Business and Professions Code §§ 17200 et seq. and 17500 et seq. (Counts IV and V) and violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. § 1790 et seq. (Count VI). McLaren removed the case to this Court, stating that then-defendant Auto Gallery Motorcars consented to removal. Defendants contend that Auto Gallery Motorcars was not the right party for plaintiff to sue, however, and after the removal, plaintiff amended his complaint to replace that defendant with Motorcars West, LLC d/b/a The Auto Gallery ("Motorcars West"). This matter is before the Court on <u>Defendant McLaren Automotive Inc.'s Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Service</u> (Doc. #6) filed August 27, 2012, <u>Plaintiff's Motion To</u>

Remand For Failure To Comply With 28 U.S.C. § 1446(b)(2)(A) (Doc. #8) filed September 5, 2012, the Motion To Dismiss (Doc. #11-1) which Auto Gallery Motorcars filed September 17, 2012 and Defendant McLaren Automotive, Inc.'s Motion To Dismiss Amended Complaint For Lack Of Personal Jurisdiction And Improper Service (Doc. #22) filed October 5, 2012. Because the Court finds that the removal was procedurally defective, it sustains plaintiff's motion to remand, including plaintiff's request for attorney fees.

## **Legal Standards**

A defendant may remove any state court civil action if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). If diversity jurisdiction provides the basis for removal, the action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. § 1441(b)(2). In determining the propriety of removal the Court considers the complaint as it stands at the time of the removal. Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488-89 (10th Cir. 1991) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). So the Court looks only at plaintiff's state-court petition to determine whether McLaren properly removed the action.

In addition to lack of subject matter jurisdiction, defects in the removal procedure are grounds for remand. See 28 U.S.C. § 1447(c); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711 (1996); Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996). Procedural defects include a deficient or untimely notice of removal, or any failure to comply with the procedural requirements of Section 1446(b). SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 580 (10th Cir. 1997); Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Seay, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982); Henderson, 920 F. Supp. at 1186. When the general removal statute – Section 1441(a) – is

the sole basis for removal, "all defendants who have been properly joined and served must join in or consent to the removal of the action" within the 30-day period defined in Section 1446(b)(1). Henderson, 920 F. Supp. at 1187; see 28 U.S.C. §§ 1446(b)(1), (b)(2)(A). This is known as the unanimity requirement; unless all defendants join a notice of removal filed under Section 1441(a), it is procedurally defective and fails. Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981); Henderson, 920 F. Supp. at 1186; see also 28 U.S.C. § 1447(c); SBKC Serv. Corp., 105 F.3d at 580; Sheet Metal Workers Int'l, 693 F.2d at 1005 n.8.

To "join" a notice of removal is to support it in writing. Henderson, 920 F. Supp. at 1186 (quoting Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994)). This does not mean that each defendant must sign the same notice of removal, but each defendant must "independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period." Wakefield v. Olcott, 983 F. Supp. 1018, 1021 (D. Kan. 1997); Henderson, 920 F. Supp. at 1186; see Cornwall, 654 F.2d at 686; Patel v. Moore, 968 F. Supp. 587, 590-91 (D. Kan. 1997), abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (abrogating "receipt rule"); see also 28 U.S.C. § 1446(b)(1) (30-day period). It is not enough that a notice of removal states that other defendants consent or do not object to removal. Wakefield, 983 F. Supp. at 1021 (quoting Henderson, 920 F. Supp. at 1187). One defendant's attempt to speak on behalf of another defendant will not suffice. Id. Requiring each defendant to unambiguously join or consent to removal on the record is not an onerous requirement, and without it, nothing on the record would bind the allegedly consenting defendant. Henderson, 920 F. Supp. at 1187 n.2.

Exceptions to the unanimity rule exist where "nominal, unknown, unserved or fraudulently joined defendants" do not join or consent to removal. McShares, Inc. v. Barry, 979 F. Supp. 1338,

1342 (D. Kan. 1997); see also Dodson Aviation, Inc. v. HLMP Aviation Corp., No. 08-4102-EFM, 2009 WL 1036123, at *2-3 (D. Kan. Feb. 12, 2009) (denying motion to remand where nominal defendant failed to join or consent to removal). But the Court strictly construes removal statutes and resolves all doubts in favor of remand. See Ortiz v. Biscanin, 190 F. Supp.2d 1237, 1241 (D. Kan. 2002); Thurkill v. The Menninger Clinic, Inc., 72 F. Supp.2d 1232, 1234 (D. Kan. 1999) (citing Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)). As the removing party, McLaren has the burden to show that it properly removed the action. McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008); Wakefield, 983 F. Supp. at 1020; Henderson, 920 F. Supp. at 1186. The burden of showing fraudulent joinder is particularly heavy. See Montano v. Allstate Indem., 211 F.3d 1278 (Table), 2000 WL 525592, at *1 (10th Cir. 2000); Kan. State Univ. v. Prince, 673 F. Supp.2d 1287, 1294 (D. Kan. 2009).

**Factual And Procedural Background**

As noted, on July 24, 2012, plaintiff sued Auto Gallery Motorcars and McLaren in the District Court of Johnson County, Kansas. On July 31, 2012, plaintiff served both defendants through personal service on their registered agents. On August 20, 2012, alleging diversity jurisdiction, McLaren filed a notice of removal. The notice stated that Auto Gallery Motorcars consented to removal and would file a notice of consent. Notice Of Removal Of Civil Action (Doc. #1). After removal, McLaren filed a motion to dismiss. Defendant McLaren Automotive, Inc.'s Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Service (Doc. #6).

On September 5, 2012, plaintiff filed a timely motion to remand. Plaintiff's Motion To Remand For Failure To Comply With 28 U.S.C. § 1446(b)(2)(A) (Doc. #8). Plaintiff does not dispute diversity jurisdiction but argues that removal was procedurally defective because Auto

-4-

Gallery Motorcars did not timely file written notice of intent to remove or consent to removal. On September 17, 2012, Auto Gallery Motorcars filed a motion to dismiss plaintiff's petition, stating that another entity – Motorcars West – had sold plaintiff the vehicle. Motion To Dismiss (Doc. #11-1). On September 26, 2012, Auto Gallery Motorcars filed a response in opposition to plaintiff's motion to remand. Named Defendant Auto Gallery Motorcars – Beverly Hills, LLC's Response In Opposition To Plaintiff's Motion For Remand (Doc. #17).

On September 28, 2012, plaintiff filed an amended complaint that substituted Motorcars West for Auto Gallery Motorcars. First Amended Petition (Doc. #18). McLaren filed a motion to dismiss it. Defendant McLaren Automotive, Inc.'s Motion To Dismiss Amended Complaint For Lack Of Personal Jurisdiction And Improper Service (Doc. #22). Because the propriety of removal is judged on the complaint as it stands at the time of the removal, Pfeiffer, 929 F.2d at 1488-89, in ruling on plaintiff's motion to remand the Court looks only at plaintiff's state-court petition, attached as an exhibit to McLaren's notice of removal. Plaintiff's petition alleged claims against Auto Gallery Motorcars and McLaren.

## Analysis

**I. Compliance With Notice Of Removal Procedures**

Plaintiff does not dispute diversity jurisdiction under 28 U.S.C. § 1332, but contends that removal was improper because McLaren's co-defendant – Auto Gallery Motorcars – did not timely join or consent to removal. McLaren's removal appears to be based on the general removal statute, 28 U.S.C. § 1441(a), so "all defendants who have been properly joined and served must join in or consent to the removal of the action" within the 30-day period defined in Section 1446(b)(1). See 28 U.S.C. § 1446(b)(2)(A); Henderson, 920 F. Supp. at 1186-87. Failure to comply with this

requirement renders the notice of removal procedurally defective and subject to remand. See 28 U.S.C. § 1447(c); Cornwall, 654 F.2d at 686; Henderson, 920 F. Supp. at 1186.

Plaintiff contends that at the time of removal it had properly joined and served both McLaren and Auto Gallery Motorcars. Although defendants' motions to dismiss argue that plaintiff did not properly serve them under K.S.A. § 60-304(e)(1), they do not dispute plaintiff's contention that he properly served them under K.S.A. §§ 60-304(e)(3) and 60-308. See Defendant McLaren Automotive, Inc.'s Reply Brief In Support Of McLaren's Motion To Dismiss For Lack Of Personal Jurisdiction (Doc. #27) filed October 16, 2012; Plaintiff's Memorandum In Opposition To Defendant McLaren Automotive, Inc.'s Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Service (Doc. #19) filed October 2, 2012 at 6-7, 11-13; Defendant McLaren Automotive, Inc.'s Memorandum In Opposition To Plaintiff's Motion To Remand (Doc. #16) filed September 26, 2012. Defendants agree that failure of all defendants to join or consent to removal constitutes a defect in removal and is therefore a basis for remand. They insist, however, that McLaren properly removed the action based on exceptions to the unanimity rule for (1) unknown and unserved defendants and (2) "improperly named" defendants.

### A. Unknown And Unserved Defendants

Defendants argue that where an unknown and unserved defendant fails to join or consent to removal, the resulting failure of unanimity does not defeat removal. As an abstract statement of the law, this is true. See McShares, 99 F. Supp. at 1342. But that is not the case here. The question here is not whether Motorcars West – which was unknown and unserved at the time of removal – had to join or consent to McLaren's removal. The question is whether Auto Gallery Motorcars – a known and properly served defendant at the time of removal – had to timely join or consent.

Defendants' argument that the unknown and unserved defendant exception applies is without merit.

   **B.   "Improperly Named" Defendants**

Defendants argue that Auto Gallery Motorcars was "improperly named" because it had "nothing to do with the transaction that gave rise to this dispute" and "[i]t would be anomalous to allow [Auto Gallery Motorcars] to defeat defendant McLaren's Petition for Removal." Defendant McLaren Automotive, Inc.'s Memorandum In Opposition To Plaintiff's Motion To Remand (Doc. #16) at 4. This argument rests solely on defendants' assertion that plaintiff "incorrectly" or "improperly" named Auto Gallery Motorcars as a defendant in his state-court petition.

Without citing any authority, defendants argue that in applying the unanimity rule, the Court should ignore the fact that a properly joined and served defendant did not join or consent to removal because in hindsight, on the merits, it appears that plaintiff should have sued a different defendant. Although defendants contend that plaintiff "incorrectly" or "improperly" named Auto Gallery Motorcars, they do not expressly argue that Auto Gallery Motorcars was a nominal defendant or that plaintiff fraudulently joined it.[1] See Defendant McLaren Automotive, Inc.'s Memorandum In Opposition To Plaintiff's Motion To Remand (Doc. #16) at 3-4. Therefore the Court need not

---

[1]   A nominal defendant need not join or consent to a notice of removal. Dodson Aviation, 2009 WL 1036123, at *2-3; McShares, 979 F. Supp. at 1342. What constitutes a nominal defendant for purposes of unanimous consent to removal is not entirely clear. See Dodson Aviation, 2009 WL 1036123, at *2-3. Defendants do not expressly argue that Auto Gallery Motorcars is a nominal defendant and cite no authority that it is.
   Fraudulent joinder is also an exception to the unanimity requirement. It typically occurs when plaintiff attempts to avoid federal diversity jurisdiction by suing a non-diverse or resident defendant against whom the plaintiff has no real claim. City of Neodesha v. BP Corp N. Am., Inc., 355 F. Supp.2d 1182, 1186 (D. Kan. 2005) (citing Roe v. Gen. Am. Life Ins. Co., 712 F.2d 450, 452 n.* (10th Cir. 1983)). The Tenth Circuit has not clearly stated whether the test for fraudulent joinder is subjective or objective, but the distinction is immaterial here because defendants do not expressly raise the issue and the record does not indicate that plaintiff sued Auto Gallery Motorcars to avoid federal diversity jurisdiction.

address those issues.

Defendants also argue that Henderson and Patel do not justify remand because they did not deal with "improperly named" defendants. Unsupported legal arguments and attempts to distinguish plaintiff's authority are insufficient to sustain its burden of showing that its notice of removal was procedurally proper. See Geisler v. Don Hunt & Assocs., Inc., No. 11-1113-JTM, 2012 WL 966119, at *1 (D. Kan. March 12, 2012) (statement in notice of removal that defendant was improperly joined insufficient to sustain removal based on diversity jurisdiction where defendant's brief did not defend assertion of improper joinder); Henderson, 920 F. Supp. at 1186 (removing party has burden to show that it properly accomplished removal). Defendants' attempt to distinguish Henderson and Patel falls short because they have not established that a recognized exception to the unanimity rule applies.

Defendants have not carried their burden of proof to show that McLaren's notice of removal was procedurally proper, i.e. that all properly joined and served defendants joined in or consented to removal, 28 U.S.C. § 1446. See Geisler, No. 11-1113-JTM, 2012 WL 966119, at *1; Henderson, 920 F. Supp. at 1186. Auto Gallery Motorcars did not unambiguously communicate consent for removal until it filed a response in opposition to remand on September 26, 2012 – some 57 days after plaintiff served it with a summons and petition, and some 27 days past the 30-day deadline for consent to removal, see 28 U.S.C. § 1446(b)(1).

McClaren has not shown that plaintiff improperly served Auto Gallery Motorcars or fraudulently joined it, or that this case falls within any established exception to the unanimity rule. McLaren's notice of removal was therefore procedurally defective. See Wakefield, 983 F. Supp. at 1021; Patel, 968 F. Supp. at 590-91; Henderson, 920 F. Supp. at 1186. The Court sustains

plaintiff's motion to remand.  See 28 U.S.C. § 1447(c).

## II. Plaintiff's Request For Attorney Fees

Plaintiff asks the Court to make McLaren pay the just costs and actual expenses, including attorney fees, that plaintiff incurred as a result of the removal.  See Plaintiff's Memorandum In Support Of Motion To Remand For Failure To Comply With 28 U.S.C. § 1446(b)(2)(A) (Doc. #9) filed September 5, 2012 at 10.  Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Absent unusual circumstances, courts may award costs and attorney fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, courts should deny requests for costs and fees.  Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005); Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir. 2010).  The Court need not find that defendant removed the state court action in bad faith as a prerequisite to awarding attorney fees and costs under 28 U.S.C. § 1447(c).  Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997).  The propriety of removal is the central issue in deciding whether to allow expenses and costs.  Id.  An award of costs and expenses under Section 1447(c) is committed to the Court's broad discretion.

McLaren's removal was procedurally defective because its co-defendant, Auto Gallery Motorcars, did not timely join or consent to removal.  After Auto Gallery Motorcars failed to timely join or consent to removal, McLaren forced plaintiff to incur unnecessary litigation expenses and attorney fees to contest a clearly defective removal.  Exercising its broad discretion, the Court grants plaintiff's request for costs and actual expenses.  See FastPro Int'l, Inc. v. Great Plains Software

O.C., No. 01-2082-KHV, 2001 WL 395287 (D. Kan. April 10, 2001).

III. **Defendants' Motions To Dismiss**

Because the Court sustains plaintiff's motion to remand, it lacks jurisdiction to entertain defendants' motions to dismiss.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Remand For Failure To Comply With 28 U.S.C. § 1446(b)(2)(A) (Doc. #8) filed September 5, 2012 be and hereby is **SUSTAINED.** Under 28 U.S.C. § 1447(c), the Court remands this action to the District Court of Johnson County, Kansas. McLaren Automotive, Inc. is ordered to pay to plaintiff the costs and expenses, including attorney fees, incurred as a result of the removal. In that regard, the parties shall follow the procedures set forth in D. Kan. Rule 54.2. On or before March 15, 2013, plaintiff shall file the requisite stipulation and request for order, or statement of consultation and memorandum in support of its request for fees.

Dated this 19th day of February, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge