**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AMIT RAIZADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2546-KHV |
| AUTO GALLERY MOTORCARS – ) | |
| BEVERLY HILLS, LLC and ) | |
| MCLAREN AUTOMOTIVE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

On February 19, 2013, the Court sustained plaintiff's motion to remand. Memorandum And Order (Doc. #31). Under 28 U.S.C. § 1447(c), the Court also sustained plaintiff's request for the just costs and actual expenses, including attorney fees, that plaintiff incurred as a result of the removal. Id. at 10-11. The Court ordered as follows:

> McLaren Automotive, Inc. is ordered to pay to plaintiff the costs and expenses, including attorney fees, incurred as a result of the removal. In that regard, the parties shall follow the procedures set forth in D. Kan. Rule 54.2. On or before March 15, 2013, plaintiff shall file the requisite stipulation and request for order, or statement of consultation and memorandum in support of its request for fees.

Id.

This matter comes before the Court on Defendant McLaren Automotive, Inc.'s Motion For Reconsideration (Doc. #32) filed March 5, 2013, and Plaintiff's Statement Of Costs, Attorney's Fees And Other Expenses Incurred Under 28 U.S.C. § 1447(c) With Supporting Memorandum (Doc. #36) filed March 15, 2013, which the Court construes as a motion for costs, attorney fees and expenses. McLaren's motion for reconsideration argues that the Court lacks personal jurisdiction and therefore cannot require it to pay the costs, attorney fees and expenses that plaintiff incurred as a result of

removal. Because plaintiff did not comply with the Court's order and D. Kan. Rule 54.2, the Court denies his motion. As a result, McLaren's motion to reconsider is moot.

As noted above, the court order granting plaintiff's request for his removal-related costs, attorney fees and expenses required plaintiff to comply with "the procedures set forth in D. Kan. Rule 54.2." Memorandum And Order (Doc. #31) at 10-11. Applying Rule 54.2 to this case, plaintiff was required to "promptly initiate consultation with the other party or parties." D. Kan. R. 54.2 (a). If the parties agree on the amount of costs, attorney fees and other expenses they must "file an appropriate stipulation and request for an order." D. Kan. R. 54.2 (b). If the parties do not agree on the amount, then plaintiff must file "(1) a statement that, after consultation in accordance with this rule, the parties have been unable to reach an agreement with regard to the fee award" and "(2) a memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award." D. Kan. R. 54.2(c). The statement of consultation must "set forth the date of the consultation, the names of those who participated, and the specific results achieved." D. Kan. R. 54.2(d). The deadline for filing a stipulation or statement of consultation and memorandum in support of fees was March 15, 2013. Memorandum And Order (Doc. #31) at 11.

Plaintiff timely filed his statement of consultation and memorandum in support of his request for fees. See Plaintiff's Statement Of Costs, Attorney's Fees And Other Expenses Incurred Under 28 U.S.C. § 1447(c) With Supporting Memorandum (Doc. #36). It states that on March 14 – just one day before the filing deadline – plaintiff emailed a letter to all counsel enclosing records supporting his request for fees and other costs. The letter invited McLaren to inform plaintiff if it agreed with "that amount or with any portion of that amount." Doc. #36-1 at 2. This is hardly the type of consultation that D. Kan. Rule 54.2 contemplates. It requires both sides to "particpate[],"

attempt to "to reach an agreement with regard to the fee award" and to "achieve[]" "specific results" notwithstanding their disagreement. D. Kan. R. 54.2(c)(1), (d). In other words, Rule 54.2 "contemplat[es] meaningful consultation among the parties regarding the fee award." Lintz v. Am. Gen. Fin., Inc., 87 F. Supp.2d 1161, 1164 (D. Kan. 2000); see also Webster's Third New International Dictionary 490 (1993) (unabridged) (defining "consultation" as "a council or conference (as between two or more persons) usu. to consider a special matter" and "the act of consulting or conferring: deliberation of two or more persons on some matter"). Moreover, emailing a letter nearly a month after the court order and just one day before the deadline is not "prompt" initiation of consultation.

By not complying with the procedures of Rule 54.2, plaintiff has created a "second major litigation" that the Rule was intended to avoid. See Lintz, 87 F. Supp.2d at 1164 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). Because plaintiff did not comply with the court order or with the procedures in Rule D. Kan. Rule 54.2, the Court rejects his request for costs, attorney fees and other expenses. See Engler v. Rapid-Am. Corp., No. 96-2349-KHV, 1997 WL 30280 (D. Kan. Jan. 17, 1997) (in similar situation, overruling plaintiff's motion for costs and attorney fees for failure to comply with D. Kan. Rule 54.2). As a result, McLaren's motion for reconsideration, which exclusively challenges the Court's personal jurisdiction over McLaren for purposes of levying costs, attorney fees and other expenses, is moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Statement Of Costs, Attorney's Fees And Other Expenses Incurred Under 28 U.S.C. § 1447(c) With Supporting Memorandum (Doc. #36) filed March 15, 2013, which the Court construes as a motion for particular costs, attorney fees and expenses, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendant McLaren Automotive, Inc.'s Motion For Reconsideration</u> (Doc. #32) filed March 5, 2013, be and hereby is **OVERRULED as moot**.

Dated this 5th day of April, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge